**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| |
|---|
| THERESA GABANA, M.D.,<br><br>       *Plaintiff,*<br><br> v.<br><br>TUFTS MEDICINE, INC., TUFTS MEDICAL CENTER, INC. AND TUFTS MEDICAL CENTER E.P., LLC a/k/a TUFTS MEDICAL CENTER EMERGENCY PHYSICIANS, LLC.,<br><br>       *Defendants.* |

Civil Action No. 1:24-cv-12869

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

Defendants Tufts Medicine, Inc. ("Tufts Medicine"), Tufts Medical Center, Inc. (the "Hospital"), and Tufts Medical Center E.P., LLC a/k/a Tufts Medical Center Emergency Physicians, LLC ("TMCEP") (collectively "Defendants"), through counsel, hereby respond to the Complaint and Demand for Jury Trial ("Complaint") filed by Theresa Gabana, M.D. as follows.

### INTRODUCTION

1.      Defendants admit that Plaintiff is a licensed physician. Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff is a practicing Christian. The remaining allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny they violated Title VII, M.G.L. c. 151B, or any other federal or state laws.

## PARTIES

2.      Admitted that Plaintiff is a licensed physician who was employed by TMCEP as an Emergency Physician. Defendants deny the remaining allegations contained in Paragraph 2 of the Complaint.

3.      Defendants admit the allegations in Paragraph 3 of the Complaint.

4.      Defendants admit the allegations in Paragraph 4 of the Complaint.

5.      Defendants admit the allegations in Paragraph 5 of the Complaint.

6.      Defendants admit the allegations in Paragraph 6 of the Complaint.

7.      Defendants admit the allegations in Paragraph 7 of the Complaint.

8.      The allegations in Paragraph 8 of the Complaint state an affirmation of what Plaintiff generally alleges in this action. To the extent a response is required, Defendants deny the allegations as alleged and characterized in Paragraph 8 of the Complaint and deny that they violated Title VII or M.G.L. c. 151B.

9.      Paragraph 9 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

10.     Defendants admit that Plaintiff filed the Complaint against the three Defendants in this action.

11.     Paragraph 11 of Plaintiff's Complaint contains legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

12.     Defendants deny the allegations in Paragraph 12.

## MASSACHUSETTS COMISSION AGAINST DISCRIINATION ("MCAD") CHARGE

13.     Defendants admit that Plaintiff filed a Charge with the Massachusetts Commission Against Discrimination on or about January 14, 2022, that was dual-filed with the EEOC.

14.     Defendants admit the allegations in Paragraph 14.

15.     Defendants admit that Plaintiff filed the instant lawsuit within 90 days of the issuance of the EEOC Determination and Notice of Rights. The remaining allegations in Paragraph 12 of Plaintiff's Complaint contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## FACTS

16.     Defendants admit that Plaintiff was employed by TMCEP for twenty-nine years. Defendants deny the remaining allegations in Paragraph 16 of the Complaint. Defendants specifically deny that they violated Title VII or M.G.L. c. 151B.

17.     The allegations in Paragraph 17 of the Complaint state an affirmation of what Plaintiff generally alleges in this action. To the extent a response is required, Defendants deny the allegations as alleged and characterized in Paragraph 17 of the Complaint and deny that they violated Title VII or M.G.L. c. 151B.

18.     Defendants object to Paragraph 18 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19.     Defendants admit the allegations in Paragraph 18 of the Complaint except that the deadline to become vaccinated was October 1, 2021, unless approved for a religious or medical exemption.

20.     Defendants admit the allegations in Paragraph 20 of the Complaint.

21.     Defendants admit the allegations in Paragraph 21 of the Complaint.

22.     The allegations contained in Paragraph 22 of the Complaint refer to Plaintiff's Religious Accommodation Request Form, which is a written document that speaks for itself, and

Defendants deny any mischaracterization of the language or import of this document. Further responding, Defendants admit that allegations contained in Paragraph 22 of the Complaint.

23.    Defendants admit that the Hospital denied Plaintiff's exemption request and upheld its decision on appeal. Defendants deny the remaining allegations contained in Paragraph 23 of the Complaint.

24.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint.

25.    Defendants admit that Plaintiff was sixty-one years old as of December 5, 2021. Defendants deny the remaining allegations contained in Paragraph 25 of the Complaint.

26.    The allegations in Paragraph 26 of the Complaint merely state an affirmation of what Plaintiff alleges in this action. To the extent a response is required, Defendants deny the allegations as alleged and characterized in Paragraph 26 of the Complaint and deny that they violated Title VII or M.G.L. c. 151B.

27.    Defendants lack knowledge or information of what Plaintiff believed as alleged in Paragraph 27 of the Complaint. To the extent a response is required, Defendants deny the allegations in Paragraph 27.

28.    Defendants admit that Plaintiff, along with other doctors and nurses, provided medical treatment to patients during the COVID-19 pandemic, enabling the Hospital to serve the community. The remaining allegations in Paragraph 28 of the Complaint are denied.

29.    Defendants admit that the Hospital denied Plaintiff's vaccine exemption request. The remaining allegations in Paragraph 29 of the Complaint are denied.

30.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint that Plaintiff was unable to secure another job

in her field or suffered financial harm and stress. Defendants deny the remaining allegations in Paragraph 30 of the Complaint.

31.     Defendants deny the allegations in Paragraph 31 of the Complaint.

32.     Defendants admit that the Hospital denied Plaintiff's request to be exempted from the COVID-19 vaccine. Defendants deny the remaining allegations in Paragraph 32 of the Complaint.

33.      Defendants admit only that Plaintiff worked for TMCEP as an Emergency Physician for 29 years. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint that Plaintiff had deep ties to the patients and community.

34.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's feelings but deny that she was terminated.

35.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's feelings but deny that she suffered or is entitled to any damages.

36.     Defendants object to Paragraph 36 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.     Defendants object to Paragraph 37 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.     Defendants object to Paragraph 38 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.     Defendants object to Paragraph 39 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.     Defendants object to Paragraph 40 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41.     Defendants deny the allegations in Paragraph 41 of the Complaint.

42.     Defendants object to Paragraph 42 as it fails to comply with Fed. R. Civ. P. 8(a)(2) and contains allegations that are immaterial to this Complaint.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations in Paragraph 43 of the Complaint.

45.     Paragraph 45 of the Complaint contains legal conclusions to which no response is required.  To the extend a response is required, Defendants deny the allegations contained in Paragraph 45 of the Complaint.

## CLAIM FOR RELIEF

## COUNT I: M.G.L. c. 151B RELIGIOUS DISCRIMINATION AND VIOLATION OF TITLE VII

46.     Defendants reassert and incorporate their responses to the preceding paragraphs 1-45 as though fully restated herein.

47.     Defendants admit that Plaintiff requested a religious exemption from obtaining the COVID-19 vaccine. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 of the Complaint.

48.     The allegations contained in Paragraph 48 of the Complaint refer to Plaintiff's Religious Accommodation Request Form, which is a written document that speaks for itself, and Defendants deny any mischaracterization of the language or import of this document.  Further responding, Defendants admit that allegations contained in Paragraph 48 of the Complaint.

49.     Paragraph 49 of the Complaint contains legal conclusions to which no response is required.  To the extend a response is required, Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.     Paragraph 50 of the Complaint contains legal conclusions to which no response is required.  To the extend a response is required, Defendants deny the allegations contained in Paragraph 49 of the Complaint.

51.     Defendant TMCEP denies the allegations in Paragraph 51 of the Complaint. Defendants Tufts Medicine and the Hospital admit only that they granted a limited number of exemptions for employees who worked 100% remotely. They deny any remaining allegations in Paragraph 51 of the Complaint.

52.     Paragraph 52 of the Complaint contains legal conclusions to which no response is required.  To the extend a response is required, Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.     Defendants admit that Plaintiff was sixty-one as of December 5, 2021. Defendants deny the remaining allegations in Paragraph 53 of the Complaint.

54.     Defendants lack knowledge or information sufficient to form a belief as to the truth of whether Plaintiff's skills and morale have deteriorated. Defendants deny the remaining allegations in Paragraph 54 of the Complaint.

55.     Defendants deny the allegations in Paragraph 55 of the Complaint.

56.     Defendants deny the allegations in Paragraph 56 of the Complaint.

### REQUESTS FOR RELIEF

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief against them and specifically deny the relief sought by Plaintiff.

### JURY DEMAND

With regard to Plaintiff's demand for a jury trial, Defendants are not required to respond as this is simply a statement of what Plaintiff seeks. To the extent a response is required, Defendants admit that Plaintiff is entitled to a jury trial as to any claims in the Complaint that are so triable.

### AFFIRMATIVE AND OTHER DEFENSES

#### First Affirmative Defense

The Complaint, in whole or in part, fails to state a claim for which relief can be granted.

#### Second Affirmative Defense

Plaintiff is estopped from pursuing claims in the Complaint by reason of her own actions and course of conduct.

#### Third Affirmative Defense

The Complaint, and each claim therein, is barred by the doctrine of unclean hands.

#### Fourth Affirmative Defense

The Complaint, and each claim therein, is barred because the policies undertaken by Defendants were the result of legitimate business necessities.

### Fifth Affirmative Defense

The Complaint, and each claim therein, is barred because the policies undertaken by Defendants were undertaken for legitimate non-discriminatory reasons.

### Sixth Affirmative Defense

The Complaint, and each claim therein, is barred because Plaintiff's request for exemption from the vaccination requirement would have posed an undue hardship on Defendants.

### Seventh Affirmative Defense

The Complaint, and each claim therein, is barred because the policies undertaken by Defendants were necessary to achieve a valid interest.

### Eighth Affirmative Defense

The Complaint, and each claim therein, is barred under the statute of limitations for each claim.

### Ninth Affirmative Defense

Any recovery should be limited to the extent Plaintiff has failed to mitigate any of the damages alleged in the Complaint.

### Tenth Affirmative Defense

Plaintiff's claims are barred, in whole or part, by principles of waiver, release, estoppel, laches, and/or unclean hands.

### Eleventh Affirmative Defense

The Complaint fails to state facts sufficient to constitute a valid claim for punitive damages.

### Twelfth Affirmative Defense

Plaintiff's claims are barred in whole or in part on the grounds that Defendants' actions have been taken in good faith, and in conformity with, and in reliance upon, written administrative regulations, orders, rulings, guidelines, approvals, interpretations, practices, and/or enforcement

policies of government agencies, and on the basis of a good faith and reasonable belief that they had complied fully with Massachusetts and/or federal law.

### Thirteenth Affirmative Defense

To the extent Plaintiff has suffered any legally cognizable injuries, damages, or harm, which Defendants deny, their claims are barred, in whole or in part, because at all relevant times Defendants have operated their businesses in compliance with applicable laws and regulations.

### Fourteenth Affirmative Defense

Defendants at all material times made good faith efforts to comply with its obligations under applicable laws.

### Fifteenth Affirmative Defense

To the extent any of Plaintiff's allegations have not specifically been denied above, they are hereby denied by Defendants.

Because the Complaint is phrased in conclusory terms and discovery has not commenced in earnest, Defendants cannot fully anticipate all defenses which may be applicable to this action. Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

WHEREFORE, Defendants respectfully request that this Court:

      (a)     dismiss the Complaint in its entirety;

      (b)     enter judgment for Defendants on all claims against them;

      (c)     award Defendants their costs and attorneys' fees, as appropriate; and

      (d)     grant such other relief as the Court deems just and proper.

Respectfully Submitted,

Defendants,
By their attorneys,


*/s/ Jamie L. Kessler*
Jamie L. Kessler, BBO #681867
Eve R. Keller, BBO #712209
Jackson Lewis, P.C.
75 Park Plaza, 4th Floor
Boston, Massachusetts 02116
TELE: (617) 367-0025
Jamie.Kessler@jacksonlewis.com
Eve.Keller@jacksonlewis.com

Dated: December 9, 2024

## <u>CERTIFICATE OF SERVICE</u>

This hereby certifies that on this 9th day of December 2024 this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and by electronic mail and first-class mail to non-registered participants.

*/s/ Eve R. Keller*
Jackson Lewis, P.C.

4880-3687-9613, v. 1